UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICOLE W., on behalf of K.A.H.,

                Plaintiff,

        -v-                                      5:23-CV-1027 (AJB/PJE)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**APPEARANCES:**                                                        **OF COUNSEL:**

OLINSKY LAW GROUP                          HOWARD D. OLINSKY, ESQ.
Attorneys for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, NY 13202

SOCIAL SECURITY ADMINISTRATION      VERNON NORWOOD, ESQ.
Office of the General Counsel                 Special Assistant U.S. Attorney
Attorneys for Defendant
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On August 22, 2023, plaintiff Nicole W.[1] ("plaintiff") filed this civil action on behalf of minor K.A.H. seeking review of the final decision of defendant Commissioner of Social Security ("Commissioner") denying K.A.H.'s application for Supplemental Security Income under the Social Security Act. Dkt. No. 1.

---

[1] On May 1, 2018, the Judicial Conference's Committee on Court Administration and Case Management issued a memorandum that encouraged courts to better protect the privacy of non-governmental parties in Social Security matters by using only the first name and last initial of the claimant in published opinions.

The matter was referred to U.S. Magistrate Judge Christian F. Hummel for the issuance of a Report & Recommendation ("R&R"). *See* Dkt. No. 4. Thereafter, the Commissioner filed a certified copy of the Administrative Record, Dkt. No. 7, and the parties briefed the matter in accordance with General Order 18, which provides that an appeal from the Commissioner's denial of benefits will be treated as if the parties have cross-moved for a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, Dkt. Nos. 8, 11, 12.

On November 19, 2024, Judge Hummel advised by R&R that: (1) plaintiff's motion should be denied; (2) the Commissioner's motion should be granted; (3) the Commissioner's decision should be affirmed; and (4) plaintiff's complaint should be dismissed. Dkt. No. 13.

Plaintiff has lodged objections. Dkt. No. 14. There, plaintiff argues that Judge Hummel incorrectly determined that the ALJ had engaged in a sufficiently thorough consideration of Dr. Wahab's medical opinion. *Id*. Plaintiff further argues that Judge Hummel incorrectly found that the ALJ had appropriately equated the ratings from Ms. Hewitt and Ms. Boyer, two of claimant's teachers, with "less than marked" limitations. *Id*. According to plaintiff, based on these errors and the arguments raised in her initial briefing, this matter should be vacated and remanded. *Id*.

The Commissioner responds that plaintiff's objections "are a mere rehashing of her initial contentions" and suggests that the less searching "clear error" standard of review should apply to this Court's review of Judge Hummel's R&R. Dkt. No. 19. Beyond this threshold argument, the Commissioner explains that Judge Hummel correctly concluded that the ALJ had appropriately considered the various evidence and arguments identified by plaintiff. *See id*.

The matter has recently been reassigned to this Court for a decision. Dkt. No. 18. Upon review of the briefing, plaintiff's objections must be overruled. As an initial matter, the record reflects that Judge Hummel adequately considered and properly rejected the arguments advanced

by plaintiff in her objections. Under those circumstances, it has long been the rule that a district court should apply the more perfunctory "clear error" standard of review. *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 684 (N.D.N.Y. 2015) (collecting cases).

There is no clear error in the R&R. But even applying the much more rigorous *de novo* standard of review, plaintiff's arguments would not warrant relief. The ALJ's treatment of the medical opinion from Dr. Wahab was a central argument in plaintiff's appeal. Judge Hummel carefully analyzed the manner in which the ALJ evaluated the supportability and consistency of this opinion. Although Judge Hummel observed that the "ALJ's explanation muddles the issues of consistency and supportability," he concluded that a remand was not required where, as here, the rest of the ALJ's written decision provides a sufficient explanation. *See, e.g.*, *Jennifer A. v. Comm'r of Soc. Sec.*, 2023 WL 8654215, at *4 (N.D.N.Y. Dec. 13, 2023) (explaining remand is not necessary if the reviewing court can "glean the ALJ's rationale as to the supportability and consistency factors").

Likewise, although the ALJ was obligated to consider the relevant evidence offered by K.A.H.'s teachers, she was not required to consider these ratings in the same manner as medical opinions. *See, e.g.*, *Kimberly C. ex rel. J.N.L. v. Comm'r of Soc. Sec.*, 2022 WL 958126, at *3 (N.D.N.Y. Mar. 30, 2022). As relevant here, "obvious" and "severe" ratings offered by teachers do not *necessarily* equate to "marked" limitations. *See, e.g.*, *Sally M. ex rel. C.B. v. Comm'r of Soc. Sec.*, 2021 WL 1783007, at *3 (W.D.N.Y. May 5, 2021) (noting same). Instead, the ALJ must consider the extent to which these teacher ratings are consistent (or inconsistent) with other substantial evidence in the record. As Judge Hummel explained, plaintiff has offered no legal basis on which to conclude that these ratings of obvious and serious limitations were necessarily equivalent to at least "marked" limitations. Courts have repeatedly rejected the argument that

- 4 -

these terms of art necessarily equate with teacher assessments. *See, e.g.*, *White ex rel. T.R.W. v. Berryhill*, 2019 WL 1367382, at *5 n.3 (W.D.N.Y. Mar. 26, 2019) (collecting cases).

In sum, a careful review of plaintiff's objections confirm that they are without merit. Accordingly, the R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 13) is ACCEPTED;

2. Plaintiff's motion is DENIED;

3. The Commissioner's motion is GRANTED;

4. The Commissioner's final decision is AFFIRMED; and

5. Plaintiff's complaint is DISMISSED.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated:  February 3, 2025
       Utica, New York.

Anthony J. Brindisi
U.S. District Judge